## No. 28376

## John A. Beathune v.
## Colorado Dealer Licensing Board, State of Colorado

(601 P.2d 1386)

Decided November 5, 1979.

484

Keith J. Vandenberge, for plaintiff-appellant.

J. D. MacFarlane, Attorney General, Richard H. Hennessey, Deputy, Edward G. Donovan, Solicitor General, Billy Shuman, Special Assistant Attorney General, for defendant-appellee.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

The Colorado Dealer Licensing Board denied appellant's application for a motor vehicle salesman's license. The trial court upheld the denial. We affirm.

The licensing board conducted a hearing on the application. Evidence was introduced establishing that the appellant had been convicted in federal district court of conspiracy to transport and sell stolen motor vehicles in interstate commerce and of three counts of selling stolen vehicles. These criminal acts were committed while the appellant was a duly licensed motor vehicle dealer in the State of Colorado. The licensing board denied the appellant's application finding that his prior activities constituted fraudulent business practices rendering him unfit for a salesman's license in accordance with section 12-6-118(5)(f), C.R.S. 1973.

In the trial court, the appellant challenged the licensing board's findings as insufficient to deny the license and also challenged the constitutionality of the statutory term "fraudulent or unconscionable business practice." The trial court entered an order remanding the matter to the licensing board for further consideration of the appellant's application.

The board subsequently reconsidered the application and entered a new order with amended findings and conclusions again denying the appellant's application. This order was reviewed by the trial court, which

affirmed the licensing board's denial of the application.

On appeal to this court, the appellant has raised two issues. The first involves the propriety of the denial of the license in light of section 24-5-101, C.R.S. 1973, which is an expression by the general assembly of a public concern that persons who have been convicted of felonies or crimes of moral turpitude should not be deprived of the right to gainful employment solely due to their past activities. *See Watson v. Cronin,* 384 F. Supp. 652 (D. Colo. 1974). Nevertheless, the statute specifically provides that a licensing agency shall give consideration to "the fact that such applicant has, at some time prior thereto, been convicted of a felony or other offense involving moral turpitude, and the pertinent circumstances connected with such conviction."

The board was entitled to consider the convictions as evidence that the appellant had indulged in a prior fraudulent business practice under section 12-6-118(5)(f). In light of the underlying circumstances of these convictions, the licensing board acted within its statutory authority in denying the appellant's application for a motor vehicle salesman's license. There being competent evidence to support the findings of the board, the denial of the appellant's application was neither arbitrary nor capricious. *See Dolan v. Rust,* 195 Colo. 173, 576 P.2d 560 (1978); *Board of County Commissioners v. Simmons,* 177 Colo. 347, 494 P.2d 85 (1972).

The appellant also challenges the constitutionality of section 12-6-118(5)(f), C.R.S. 1973. This statutory provision states that a motor vehicle salesman's license application may be denied if the applicant has indulged in any "fraudulent or unconscionable business practice." The appellant alleges that the term "fraudulent or unconscionable business practice" is so vague and uncertain as to be unenforceable. Since the licensing board denied the appellant's license based upon application of the term "fraudulent business practice" the term "unconscionable" is not central to the determination of this cause. *See Tyler v. School District No. 1,* 177 Colo. 188, 493 P.2d 22 (1972).

The burden of proof to overcome the presumption of constitutionality of a statute is extremely high where the challenge is to the facial validity of the statute, and there is no potential inhibition of fundamental freedoms such as freedom of speech. *People v. Garcia,* 189 Colo. 347, 541 P.2d 687 (1975). The appellant has not asserted that his prior conduct was not a fraudulent business practice, nor has he in any manner demonstrated how this term is vague or uncertain in describing his prior criminal acts. The appellant has failed to overcome the presumption of constitutionality with which the challenged statutory provision is invested. *See Weissman v. Board of Education,* 190 Colo. 414, 547 P.2d 1267 (1976).

The appellant's prior criminal activities involved selling stolen motor vehicles, which is a fraudulent business practice. This court has held that

such terms as "defrauding," "fraudulent misrepresentation," "circumvention," or "concealment" were sufficiently specific to apply when an automobile dealer had lowered the odometer readings on some of the automobiles which it sold. *Trail Ridge Ford, Inc. v. Colorado Dealer Licensing Board*, 190 Colo. 82, 543 P.2d 1245 (1975).

We find that the term "fraudulent business practice" is sufficiently specific and that there was ample basis upon which the licensing board could validly deny the appellant's application.

Judgment affirmed.

JUSTICE LEE does not participate.