Roger ORNELAS,
Complainant–Appellee,

v.

DEPARTMENT OF INSTITUTIONS,
DIVISION OF YOUTH SERVICES,
Respondent–Appellant.

No. 89CA0425.

Colorado Court of Appeals,
Div. IV.

July 19, 1990.
Rehearing Denied Sept. 20, 1990.
Certiorari Denied Feb. 11, 1991.

Vonda G. Hall, Denver, for complainant-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Carolyn Lievers, Deputy Atty. Gen., Denver, for respondent-appellant.

Opinion by Judge RULAND.

Respondent, Department of Institutions, Division of Youth Services (Department), appeals from a decision of the State Personnel Board (Board), which ordered the reinstatement of complainant, Roger Ornelas, to his position with the Department with back pay and benefits, and which awarded Ornelas attorney fees in connection with a discovery issue. We affirm.

Ornelas received oral permission from his supervisor to leave his employment early and return home on June 3 because of illness. Ornelas met with his doctor the next day.

Following his doctor's appointment, Ornelas asked his appointing authority on June 4 for an extended sick leave until August 4, because of stress-related illness. The appointing authority told Ornelas to submit a doctor's statement in connection with his request for sick leave, and Ornelas mailed the doctor's statement on June 5, although the appointing authority did not receive it until June 11. On June 15, Ornelas was terminated from his employment with the Department pursuant to State Personnel Board Rule R9-1-4, 4 Code Colo. Reg. 801-1 (1986), because his appointing authority deemed him to have resigned as a result of his absence from work.

Ornelas appealed his termination to the Board. Following an administrative hearing, the hearing officer ruled that Ornelas had complied with the Department's policies for requesting sick leave as required by State Personnel Board Rule R7-2-4, 4 Code Colo.Reg. 801-1 (1986) (as then in effect), and that his termination under Rule R9-1-4 was arbitrary and capricious. The hearing officer therefore rescinded the termination, and ordered that Ornelas be reinstated with full back pay and benefits.

The Department appealed the hearing officer's ruling to the Board. The Board adopted the hearing officer's findings of fact and affirmed the hearing officer's conclusion that Ornelas was not properly terminated pursuant to Rule R9-1-4. However, the Board reversed the hearing officer's order reinstating Ornelas with back pay because the record did not show whether Ornelas was able to return to work before all of his accrued leave was exhausted. *See* State Personnel Board Rule R7-2-4(D), 4 Code Colo.Reg. 801-1 (1986) (as then in effect).

The Board remanded the case to the hearing officer. Following the hearing on remand, the hearing officer found that Ornelas had more than sufficient accrued sick leave to cover the period of his absence and that Ornelas was ready, willing, and able to return to work. The hearing officer therefore ordered the Department to reinstate Ornelas with full back pay and benefits. The hearing officer also awarded Ornelas $146.50 in attorney fees from the Department in connection with a discovery ruling.

The Department again appealed the hearing officer's ruling to the Board. The Board affirmed the hearing officer's ruling, and the Department now seeks review of both the Board's first ruling and the Board's ruling on remand.

## I.

■ The Department first contends that its termination of Ornelas pursuant to Rule R9-1-4 was proper. We disagree.

The rule provides, in pertinent part, that "a full-time employee who is absent with-

out approved leave for a period of 5 or more consecutive working days may, at the discretion of the appointing authority, be deemed to have resigned with prejudice." State Personnel Board Rule R9-1-4, 4 Code Colo.Reg. 801-1 (1986); *see* § 24-50-126(3), C.R.S. (1988 Repl.Vol. 10B) (authorizing the Board to prescribe the conditions under which absence without leave will be construed to be an automatic resignation).

The Board interpreted this rule as applying only to situations involving the abandonment of a job by an employee in which the appointing authority is aware of no apparent reason for the employee's absence. Thus, the Board concluded that Rule R9-1-4 was inapplicable here in that Ornelas made the reason for his absence known to his appointing authority. Although the Board recognized that the appointing authority had the power to investigate and then deny Ornelas' request for extended sick leave pursuant to State Personnel Board Rule R7-2-1(c), 4 Code Colo. Reg. 801-1 (1986) (as then in effect) if the request was not justified, the Board properly ruled that any retroactive application of such a denial of leave to justify termination pursuant to Rule R9-1-4 was arbitrary and capricious.

■ The Board's interpretation of its own rules is generally entitled to great weight unless it is plainly erroneous. *Department of Administration v. State Personnel Board,* 703 P.2d 595 (Colo.App. 1985). We perceive no error in the Board's interpretation of Rule R9-1-4 here.

## II.

■ We also reject the Department's arguments that the evidence is insufficient to support the findings that Ornelas complied with the Department's policies for requesting sick leave and that he was able to return to work on August 4. The Department specifically challenges the sufficiency of the testimony of Ornelas, his supervisor, and his doctor on these issues.

■ The evaluation of the credibility of witnesses and the weight to be given their testimony are decisions within the fact finding province of the hearing officer, and such decisions may not be overturned on appeal by a reviewing court. *Charnes v. Lobato,* 743 P.2d 27 (Colo.1987). That rule is dispositive here.

## III.

■ The Department also contends that the hearing officer and the Board erred in allowing certain medical testimony by Ornelas and his doctor at the remand hearing because of an alleged discovery violation by Ornelas. However, since the Department failed to raise these arguments at the remand hearing and to object to the admissibility of this testimony at that time, we will not consider these arguments on appeal. *See Hancock v. State,* 758 P.2d 1372 (Colo.1988).

## IV.

■ The Department next contends that the hearing officer and the Board erred in awarding attorney fees to Ornelas in connection with a discovery request. Again, we disagree.

Prior to the remand hearing, Ornelas and his attorney repeatedly sought access to his leave records from the Department. When the Department refused these requests and denied them access to the leave records, Ornelas filed a motion to compel production of these records and requested attorney fees in connection with the motion.

The hearing officer rejected the Department's argument that a formal discovery request pursuant to C.R.C.P. 34 was necessary and ordered the Department to provide Ornelas with copies of these records. The hearing officer further ruled that the Department's denial of access to these records lacked substantial justification and was groundless. The hearing officer subsequently found the reasonable value of Ornelas' attorney fees in connection with his motion to compel to be $146.50.

We find no abuse of discretion in this ruling, and the attorney fees award therefore will not be disturbed on review.

In proceedings before the State Personnel Board, the discovery process includes "informal requests for information" as well as formal discovery requests, and the penalties for abusing the discovery process are as set forth in the Colorado Rules of Civil Procedure. State Personnel Board Rule R10-8-2, 4 Code Colo.Reg. 801-1 (1986).

■ Moreover, as noted by the hearing officer, no formal discovery request was necessary for Ornelas to be entitled to access to his leave records in any event because he was entitled to access his own personnel files pursuant to the Open Records Act. *See* § 24-72-204(3)(a)(II), C.R.S. (1988 Repl.Vol. 10B).

## V.

■ We also reject the Department's argument that the hearing officer and the Board erred in denying an award of attorney fees to it in connection with a separate discovery issue.

When Ornelas failed to respond to the Department's formal discovery requests pursuant to C.R.C.P. 33 and 34, the Department filed a motion to compel discovery and request for attorney fees. However, the hearing officer found that Ornelas had not received the Department's discovery requests until receipt of the Department's motion to compel discovery, and this finding is supported by the record. Consequently, there was no basis for an award of attorney fees to the Department.

## VI.

We have considered the Department's other contentions of error and find them to be without merit.

Accordingly, the Board's orders are affirmed.

TURSI and REED, JJ., concur.