Cathy ALEXANDER, John Bailey, Ana C. Bowman, Tom Bovio, Vicki Bunch, Gloria Carino, Joe Chase, Joyce Chevarria, Joann Christensen, Rich Copley, Mike Coulter, Art Crespin, Michele Cyr, Christine Dexter, W. David Driscoll, Felipe Duran, Larry Frazier, Robert L. Glidden, Cynthia A. Granner, Thomas Herman, Louis Hoefer, Bob Jeannelle, Gary Jensen, Karen Jones, Larry Jordahl, Karen Karl, Cary Kelliher, Dave Kennedy, Michelle Kerstann, Kent Le-Blanc, Dave Loomis, Gary Maelzer, Dee Mahonson, Christina A. Manthey, Joe Markworth, Gary May, Dorothy McKay, Jim McNaught, Jim Meyers, Robert S. Mitchell, John Mohatt, Michelle Mongan, Darlene Muniz, Bruce Nelson, Robert Osborne, Vince Palkovich, John Petersen, Douglas Pollack, Dick Pond, Linda Quade, William Rayner, Mary

Robyn, Virginia E. Ruge, Mike Santos, Karen Shaw, Tammy Sorensen, Joseph Soss, Sharon Stehr, Phil Strickland, Dana Summers, Nancy Tanner, August Tilger, Larry Toillion, Gary Toleno, Karen Torsney, John Trujillo, David C. Valenciano, Richard Victorson, Lloyd Wicke, Larry Williams, John Wilton, Trish Windham, Donna Wright, Rebecca Gillespie, Wendell Miller, Raymond A. Cardy, Chris J. Eliopulos, James K. Hinz, Ronald H. Granner, William V. Speckman, and John C. Streeter, Plaintiffs–Appellants,

v.

The COLORADO DEPARTMENT OF PERSONNEL; Shirley Harris, Executive Director of the Colorado Department of Personnel; The Colorado Department of Revenue, and Terrance Fagan, Executive Director of the Colorado Department of Revenue, Defendants–Appellees.

No. 96CA0641.

Colorado Court of Appeals,
Div. I.

July 24, 1997.

Rehearing Denied Aug. 21, 1997.

Certiorari Granted Feb. 23, 1998.

James R. Gilsdorf, Denver, for Plaintiffs–Appellants.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, John D. Baird, Assistant Attorney General, Denver, for Defendants–Appellees.

Opinion by Judge MARQUEZ.

Plaintiffs, certified revenue agents and tax conferees, who are present and past employees of the Colorado Department of Revenue (Revenue Department), appeal the trial court's judgment affirming a decision of defendants the Colorado Department of Personnel (Personnel Department) and Shirley Harris, the Executive Director of the Colorado Department of Personnel (Director), approving a reduction in plaintiffs' pay grades. We reverse and remand.

In 1991, in response to a 1989 Governor's Commission on Productivity recommendation, the Personnel Department began a system-wide revision of the job evaluation system. One intent of the project was to review the salary relationship of all classes using market data.

On June 1, 1993, the Director issued a proposed Job Evaluation Project Narrative Report and Class Series Descriptions for the positions of revenue agent and tax conferee. The report proposed pay grade decreases for seven of the eight classes within these two jobs. The pay grade decreases were to become effective September 1, 1993.

Plaintiffs appealed the Job Evaluation Project Narrative Report and Class Series Descriptions. On September 16, 1993, and September 20, 1993, the Director issued decisions in which she denied plaintiffs' requested relief; however, she agreed with plaintiffs' claim that the use of certain data to set their salaries was arbitrary and remanded the issue to the Personnel Department for further review.

The Personnel Department first sought salary review data from the Federation of Tax Administrators in Washington, D.C., but this data was deemed unsuitable because it was five years old. The Personnel Department then sought and obtained permission from the Total Compensation Advisory Council (TCAC) to perform direct surveys from other states. See § 24–50–104(2)(c)(II), C.R.S. (1996 Cum.Supp.) (establishing TCAC to authorize the Revenue Department to conduct direct surveys).

In October 1993, acting pursuant to § 24–4–106, C.R.S. (1988 Repl.Vol. 10A), plaintiffs filed a complaint for judicial review in the trial court. However, because there was no final agency action, the court dismissed the claims without prejudice.

On April 26 and May 2, 1994, the Director issued a Job Evaluation Letter (JEL–94) and proposed class descriptions for both revenue agents and tax conferees. These publications purported to amend the June 1, 1993, publication. And, on August 11, 1994, the Director issued a decision in which she denied plaintiffs' requested relief and made permanent the reduction in pay grades. None of these actions were submitted to the governor for his approval.

Thereafter, plaintiffs sought judicial review of the agency action in the trial court, pursuant to § 24–50–104(4)(d)(I), C.R.S. (1988 Repl.Vol. 10B) and § 24–4–106, C.R.S. (1988 Repl.Vol. 10A). In February 1996, the trial court issued a judgment denying plaintiffs' requested relief and finding that the Director's decision did not constitute an abuse of discretion. This appeal followed.

## I.

Plaintiffs first contend that the supplemental 1994 job evaluation study cannot apply retroactively to a salary reduction which was implemented in September 1993. Essentially, plaintiffs argue that defendants cannot justify a September 1, 1993, pay grade decrease based on data not published until 1994 and not approved by the governor. We agree that the pay decrease was not implemented in accordance with the governing statute and, thus, is not valid.

Defendants assert that this matter is governed by the law applicable to salary relationships conducted under provisions of §§ 24–50–104(3) and 24–50–104(4), C.R.S. (1996 Cum.Supp.). They assert specifically that the Director's review of plaintiffs' salary levels was governed by § 24–50–104(4)(d)(I), which requires that the Director "review the appeal in summary fashion on the basis of written material. . . ."

Section 24–50–104(3) provides that the state personnel director be responsible for the preparation, maintenance, and revision of a job evaluation system for all positions in state government not expressly exempted. Section 24–50–104(4) addresses revision and maintenance and states that the state personnel director is to revise the job evaluation system whenever conditions indicate that a change is necessary.

Plaintiffs, however, rely on § 24–50–104(4)(d)(II), C.R.S. (1996 Cum.Supp.), which provides, as pertinent here:

Any *assignments or reassignments of classes* to pay grades, salary rates, salary ranges, or pay relationships required by the creation of new positions or *any duly authorized reorganization* or change in work method which have a fiscal impact shall be made effective, *with the approval of the governor,* on the ensuing July 1. . . . In order for the fiscal impact of any such job evaluation study to be included in the annual general appropriation bill, the results of such study shall be submitted to the joint budget committee of the general assembly no later than December 1 of each year for the ensuing fiscal year. Each study shall contain a detailed fiscal impact calculation by agency and department. . . . *[T]he only exception* to the July 1 date regarding any assignment or reassignment of classes to pay grades, salary rates, or salary ranges, including those resulting from special salary surveys, shall be made in those *urgent situations* where personnel shortages will endanger the health, safety or welfare of citizens of the state of Colorado and where special salary surveys utilized as a part of that study indicate that such assignment or reassignment of classes is necessary to provide salaries comparable to those prevailing in comparable kinds of employment. *In such urgent situations, upon approval of the governor and the state personnel director, such changes shall be effective on the first day of the month following such approval.* (emphasis added)

The trial court's decision is subject to judicial review under § 24–4–106 of the Administrative Procedure Act (APA). Section 24–50–104(4)(d)(I), C.R.S. (1996 Cum.Supp.). Under the APA, the standard of review by this court is the same as that which governed the trial court's review of the administrative ruling. A reviewing court may not reverse the decision of the agency unless the court finds it to be arbitrary and capricious or contrary to rule or law. Sections 24–4–106(7) and 24–4–106(11)(e), C.R.S. (1988 Repl.Vol. 10A).

A reviewing court must uphold the director's decision if it is supported by substantial evidence in the record considered in its entirety. For purposes of judicial review of administrative action, substantial evidence is the same as competent evidence. *Blake v. Department of Personnel,* 876 P.2d 90 (Colo. App.1994).

Agency action taken pursuant to statutory authority is presumed valid. However, courts are not bound by an agency's decision that misconstrues or misapplies the law. Rather, the court is to determine all questions of law, interpret the applicable statutes and state regulations, and apply such interpretation to the facts as duly found or established. *Bostron v. Colorado Department of Personnel*, 860 P.2d 595 (Colo.App. 1993).

A statute must be given effect according to the intent of the General Assembly, and to ascertain legislative intent, courts look first to the statutory language. *Colorado State Board of Medical Examiners v. Saddoris*, 825 P.2d 39 (Colo.1992).

The appropriate construction of a statute is a question of law. *Colorado Division of Employment & Training v. Parkview Episcopal Hospital*, 725 P.2d 787 (Colo.1986). However, when the question is one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must determine it initially, the reviewing court's function is limited. The agency's determination is to be accepted if it is warranted by the record and has a reasonable basis in law. *Nicholas v. North Colorado Medical Center, Inc.*, 902 P.2d 462 (Colo.App.1995), *aff'd*, 914 P.2d 902 (Colo. 1996).

Defendants concede that this matter concerns the decision of the Director to approve a downward adjustment in salaries for plaintiffs as part of a statewide revision of the classified personnel system and that, commencing in 1991, the Department began a system-wide revision of the job evaluation system.

Defendants also conceded at oral argument that, because of reorganization statewide, positions were reclassified, and that this could be considered a reorganization to the extent defendants were reclassifying positions statewide. However, defendants also contend that the Personnel Department was not required to follow the statutory mandates of § 24–50–104(d)(II) because the reorganization was not going to cost the state more to implement and thus was without any fiscal impact. We disagree.

Section 24–50–104(4)(d)(II) applies only to reorganizations that have a fiscal impact. Fiscal impact has not been statutorily defined. A survey of the pertinent case law suggests that the term "fiscal impact" describes situations in which a measure either increases or decreases the government revenue base. *See In re Proposed Amendment to Constitution*, 907 P.2d 586 (Colo. 1995) (requirement that a district pay all costs associated with legal actions brought by successful plaintiffs enforcing petitions could result in a negative fiscal impact on governmental entities); *In re Proposed Tobacco Tax Amendment*, 872 P.2d 689 (Colo. 1994) (fiscal impact of proposed constitutional amendment variable depending on elasticity of sales of cigarettes); *In re Increase of Taxes on Tobacco Products Initiative*, 756 P.2d 995 (Colo.1988) (fiscal impact of proposed increase of taxes on tobacco products would be to generate an estimated $55 to $65 million in one fiscal year); *In re Ballot Title & Submission Clause*, 644 P.2d 20 (Colo.1982) (fiscal impact statement estimated proposed amendment would raise over $100 million each year). Thus, although the Director's action did not require the government to spend more, it would have reduced the funds expended on Revenue Department salaries, and thus, we disagree with defendants' contention that there was no fiscal impact.

Consequently, the reorganization here is governed by § 24–50–104(4)(d)(II), and defendants should have fulfilled the statutory requirements of that section. The statute requires gubernatorial approval, and thus, defendants' noncompliance with the statute was contrary to law.

The trial court, however, found that the September 1, 1993, effective date was not an abuse of discretion because the Director acted pursuant to the portion of the statute which authorizes changes to be made outside of the July 1 date in "urgent situations." Even if we were to be persuaded that this was an "urgent situation," nevertheless, because defendants did not comply with the statutory requisites even under this excep-

tion, we cannot agree with the trial court's conclusion.

While the "urgent situation" exception allows changes to become effective on the first day of the month following gubernatorial approval, rather than on the ensuing July 1, this portion of the statute also requires gubernatorial approval. Because defendants did not receive such approval, the exception cannot apply, and the director's establishment of a September 1, 1993, effective date was contrary to law. Thus, the trial court erred in affirming the director's August 11, 1994, order.

Because we conclude that defendants erred by not complying with the statutory requirements of § 24–50–104(4)(d)(II), we do not address plaintiffs' contention that the study cannot apply retroactively.

## II.

Further, in view of our disposition, we do not address plaintiffs' contentions: (1) that the 1994 Job Evaluation Study and the subsequent decision of the Director cannot be supported by the Director's 1993 studies of the subject classes; (2) that the supplemental salary surveys were improper because there was no evidence of a "serious lack of competition for jobs which are either scarce or in abundance"; and (3) that the 1994 supplemental salary survey does not demonstrate consistent, careful, professional analysis.

## III.

Finally, asserting that the underlying personnel action was instituted for reasons within the scope of § 24–50–125.5, C.R.S. (1988 Repl.Vol. 10B), plaintiffs contend that they are entitled to their attorney fees and costs. We disagree.

■ Section § 24–50–125.5 authorizes an award of attorney fees if there is a finding that the personnel action "was instituted frivolously, in bad faith, maliciously, as a means of harassment or [was] otherwise groundless." Here, however, plaintiffs did not present their claim for attorney fees to the personnel board, and the hearing officer was not given an opportunity to make a finding. Thus, plaintiffs have not complied with the

express terms of § 24–50–125.5(1), C.R.S. (1988 Repl.Vol.).

Accordingly, there is no basis for an award to plaintiffs of their attorney fees. *See* *Lanes v. O'Brien,* 746 P.2d 1366 (Colo.App. 1987).

The judgment is reversed and the cause is remanded with directions to enter judgment granting plaintiffs' requested relief other than attorney fees.

METZGER and CRISWELL, JJ., concur.