CITY OF COMMERCE CITY, a Colorado municipal corporation, Petitioner

v.

ENCLAVE WEST, INC., a Colorado nonprofit corporation, Respondent.

No. 07SC445.

Supreme Court of Colorado, En Banc.

June 2, 2008.

Nathan, Bremer, Dumm & Myers, P.C., J. Andrew Nathan, Allyson C. Hodges, Marni Nathan Kloster, Berg, Hill, Greenleaf & Ruscitti, LLP, Thomas E. Merrigan, Denver, Colorado, Attorneys for Petitioner.

Lawlis & Bruce, LLC, Robert J. Bruce, Delphine L. Farr, Denver, Colorado, Attorneys for Respondent.

Justice HOBBS delivered the Opinion of the Court.

In this C.R.C.P. 106(a)(4) proceeding, we granted certiorari to review the unpublished decision of the court of appeals in *Enclave West, Inc. v. City of Commerce City*, No. 05CA2686, 2007 WL 1079942 (April 12, 2007).[1] Enclave West, Inc. ("Enclave West") has been operating a licensed private social club in an industrially zoned area of the City of Commerce City ("Commerce City") since 2003. In 2005, it applied for, and was denied, a license to operate a sexually-oriented business on the premises.

In a quasi-adjudicatory proceeding, following a hearing on the license denial, the Commerce City Council ("the City Council") refused to order issuance of the license. It based its decision on a section of the Commerce City ordinance that prohibits a sexually-oriented business from operating within one thousand feet of an occupied single-family residence. The record of proceedings in this action contains evidence that Enclave West's proposed business would be within one thousand feet of an occupied single-family residence.

Enclave West had an opportunity in its license application, and in the quasi-adjudicatory hearing the City Council conducted, to demonstrate that there was no occupied single-family residence within one thousand feet of its proposed sexually-oriented business. However, it chose to argue only that the City Council could not use this issue as the basis for denying its license application.

Enclave West contended that under the applicable ordinances, the City Council could only consider the grounds the city staff had invoked in denying Enclave West's license application. Here, the city staff denied the license application based on the erroneous assertion that the ordinances prohibited a sexually-oriented business within one thousand feet of an Urban Renewal District.

In its decision, the City Council noted that the city staff's reason for denying the license was incorrect. Nevertheless, the City Council concluded that the ordinances required denial of the license application because an occupied single-family residence existed as a pre-existing legal non-conforming use within one thousand feet of the proposed sexually-oriented business.

Enclave West then filed a C.R.C.P. 106(a)(4) appeal before the trial court. The trial court ruled that the City Council did not act arbitrarily and capriciously in refusing to issue the license based on the location of Enclave West's business and the location of the occupied single-family residence.

However, the court of appeals reversed, agreeing with Enclave West's argument that the City Council was foreclosed from considering and receiving evidence concerning the occupied single-family residence. The court of appeals ruled that the Commerce City ordinance restricted the City Council to considering only the grounds for denial provided by the city staff. Thus, the City Council had no choice but to issue the license because the grounds provided by the city staff for the license denial did not include the existence of an occupied single-family residence.

We disagree. We hold that Commerce City's ordinances allowed the City Council to refuse issuance of the license based on the

---

1. We granted certiorari on the following issues:

   1) Whether the court of appeals erred in finding an abuse of discretion by sua sponte limiting Commerce City Council's legal authority to hear evidence "relevant to the denial of the license application," as authorized by City Ordinance section 9–456(d)(1), to only those "matters relevant to the reason for the denial" initially given by the Inspector.

   2) Whether the court of appeals erred when it ordered Commerce City to immediately grant the business license because, in doing so, it substituted its discretion for that of the local legislative body.

existence of an occupied single-family residence located within one thousand feet of Enclave West's proposed sexually-oriented business. Accordingly, we reverse the judgment of the court of appeals and remand this case to it for consideration of the other issues Enclave West raised in its appeal.[2]

## I.

Since mid–2003, Enclave West has operated a licensed private social club called "The Enclave" in Commerce City. Its application for membership states: "The Enclave is a private membership club whose purpose is to provide an educational and social forum for people interested in alternative lifestyles."

In March of 2005, Enclave West submitted an application to Commerce City for a sexually-oriented business license at the same premises. The hand-delivered cover letter to Commerce City, signed by its attorney, recites "Given the legal uses of the property, its zoning and the fact that no park, school or church is or will be located nearby, the application is proper."

However, this assertion only partially referenced the applicable ordinance and, given the facts in the record of this case, is not correct. Under Commerce City ordinance art. II, section 21–39(1), no sexually-oriented business can be located within one thousand feet of an occupied single-family residence. Section 21–39(1) states:

*No adult entertainment use shall be located within one thousand (1,000) feet of the exterior boundary of any* public zone district, any residential zone district, or any existing and occupied mobile home, or *single-family* or multifamily *residence,* whether located within or without the City of Commerce City, except a mobile home or residence which is authorized as a use by permit or exists as an illegal use, whether within or without the City of Commerce City.

(Emphasis added).

However, instead of referencing both sections 21–39(1) and 21–39(2) of this ordinance,

the cover letter by Enclave West's counsel referenced only section 21–39(2) of the ordinance, which provides:

No adult entertainment use shall be located within one thousand (1,000) feet of any *church or synagogue,* or any *educational institution or licensed child care center,* or any public community center, *park,* fairground, or recreation center, or any publicly owned or maintained building open for use to the general public, *or in any area designated as an urban renewal project pursuant to C.R.S. Section 31–25 et seq.* or as said article may be hereafter amended, whether such uses are located within or without the City of Commerce City.

(Emphasis added).

Under Commerce City ordinance section 9–455(d)($l$) & (m), the applicant is responsible for submitting a complete application, which must include evidence that the proposed location of such a business complies with the zoning and use ordinances. Despite the assertion in Enclave West's cover letter that the application is proper under Commerce City ordinances, neither the cover letter, nor the application, nor Enclave West's presentation at the City Council hearing contains any evidence concerning the zoning and use status of Enclave West's proposed sexually-oriented business in relation to the adjacent residence.

Based on the City Council's finding contained in the record, Enclave West's premises is located within one thousand feet of an occupied single-family residence, in violation of subsection (1) of the ordinance. The City Council's finding states, in pertinent part:

The City presented evidence, and Enclave West did not contest, that there is an occupied single-family residence located next door to the building used by Enclave West, Inc. .... There is no dispute that there is an occupied and existing single-family residence located within 1,000 feet of Enclave West, Inc.

The City Council also found that Enclave West's application was incomplete because it

---

2. In the court of appeals, Enclave West also argued that the City Council unconstitutionally deprived it of its property interest in operating a sexually-oriented business. We do not consider this issue.

failed to contain evidence from Commerce City concerning the zoning and use status of Enclave West's premises in relation to the adjacent residential structure. Accordingly, the City Council refused to issue the license and ordered the city's staff to return the application to Enclave West, refunded its filing fees, and gave Enclave West the opportunity to submit a complete application. However, rather than resubmit its application, Enclave West brought this action for judicial review.

Enclave West contends that Commerce City must approve its application for a sexually-oriented business license, because the city staff mistakenly denied the application based on the Urban Renewal District portion of section 21–39(2) of the ordinance and this was the only justification the city staff cited for denial of the license. The city staff sent Enclave West a denial letter which states, in pertinent part:

This Section, 21–39(2), Adult entertainment uses, states: No adult entertainment use shall be located within one thousand (1,000) feet of ... any area designated as an urban renewal project ... Our findings show that the property and building ... is within one thousand feet (1,000) of an Urban Renewal District ....

All parties to this case now concede that the ordinance prohibits such a business only "in any area designated as an Urban Renewal District pursuant to C.R.S. Section 31–25 et seq." and does not prohibit such a business located within one thousand feet of an Urban Renewal District.

Enclave West relies on section 9–456(d) of the Commerce City ordinances for its argument that the City Council cannot rely on other reasons not initially cited by city staff. Section 9–456(d) states:

In the event that the City Manager or his designee denies a license application, *the City Manager or his designee shall make findings of fact stating the reason for the denial and a copy of such a decision shall be sent by certified mail to, or be served upon, the applicant at the address shown in the application within ten (10) days after the denial. An applicant shall have the right to a hearing before the City Council, provided that written request for such hearing is made to the City Council within ten (10) days of the date of service of the denial of the license by the City Manager or his designee.* The hearing shall follow all of the relevant procedures set forth for a suspension or revocation of a license contained in Section 9–472 and shall be conducted within fifteen (15) days of the receipt of a written request for a hearing unless extended for good cause by City Council.

(1) *At the hearing on the denial of the application* for a license herein provided for, *the City Council shall hear such statements and consider such evidence* as the Police Department or other enforcement officers, the applicant or any other party having an interest in the proceedings or any other witness shall offer *which is relevant to the denial of the license application by the City Manager or his designee.*

(Emphasis added).

Arguing contrary to Enclave West's interpretation of this ordinance provision, Commerce City responds that the emphasized provisions of subsection (1) allow the City Council to consider all evidence relevant to the denial of a license application, particularly in light of subsection (2) of the same ordinance provision. Section 9–456(d)(2) states:

If the City Council determines that the applicant is ineligible for a license pursuant to the criteria in this section, the City Council shall issue an order denying the application within ten (10) days after the hearing is concluded based upon findings of fact.

(Emphasis added).

## II.

We hold that the Commerce City ordinances allowed the City Council to refuse to issue the license based on the existence of an occupied single-family residence within one thousand feet of Enclave West's proposed sexually-oriented business.

## A.

### Standard of Review

■ Under C.R.C.P. 106(a)(4), judicial review of a governmental agency exercising its quasi-judicial role in a permitted use controversy is limited to whether the body has exceeded its jurisdiction or abused its discretion. *City of Colo. Springs v. Securcare Self Storage, Inc.*, 10 P.3d 1244, 1246–47 (Colo. 2000).

■ The court, whether the trial court or the appellate court, must determine whether there is sufficient evidentiary support for the agency's decision. *City of Colo. Springs v. Givan*, 897 P.2d 753, 756 (Colo. 1995). When construing an ordinance, we give effect to every word and, if possible, harmonize potentially conflicting provisions. *Telluride Resort & Spa, L.P. v. Colo. Dept. of Revenue*, 40 P.3d 1260, 1265 (Colo.2002).

■ The court may defer to the agency's construction of a code, ordinance, or statutory provisions that govern its actions, but is not bound by the agency's construction because the court's review of the applicable law is de novo. *Colo. Dept. of Revenue v. Hibbs*, 122 P.3d 999, 1002 (Colo.2005); *Lobato v. Indus. Claim Appeals Office*, 105 P.3d 220, 223 (Colo.2005). In reviewing the agency's construction, we rely on the basic rules of statutory construction, affording the language of the provisions at issue their ordinary and common sense meaning. *Wash. County Bd. of Equalization v. Petron Dev. Co.*, 109 P.3d 146, 149 (Colo.2005); *Colo. State Pers. Bd. v. Dept. of Corr.*, 988 P.2d 1147, 1150 (Colo.1999).

■ Under C.R.C.P. 106(a)(4), a reviewing court can reverse an agency decision only when there is no competent evidence to support the decision, *see Ross v. Fire & Police Pension Ass'n*, 713 P.2d 1304, 1308–09 (Colo. 1986), or when the agency has "exceeded its jurisdiction," as the rule's plain language states.

## B.

### Application to this Case

The City Council, after hearing evidence pertaining to the denial of the sexually-oriented business license, found that Enclave West's proposed business is within one thousand feet of an occupied single-family residence that exists in the zoned district as a legal non-conforming use. The evidence supporting this finding consisted of the testimony of Bret Limbaugh, Director of Community Planning and Development Services for Commerce City, who testified about the location of Enclave West's premises and the existence of an occupied single-family residence adjacent to it. Photographs in the record also demonstrate the proximity of these structures.

Enclave West has operated its social club next to this residential structure since 2003. When it applied for a sexually-oriented business license in 2005 for this location, it was necessarily on notice of the existence of the residential structure and of the provisions of the Commerce City ordinance, art. II, section 21–39(1), which state that no sexually-oriented business can be located within one thousand feet of an occupied single-family residence.

Indeed, the cover letter appended to Enclave West's application demonstrates actual knowledge of ordinance 21–39, but only references subsection (2), asserting that: "Given the legal uses of the property, its zoning and the fact that no park, school or church is or will be located nearby, the application is proper."

Enclave West construes Commerce City's ordinances as: (1) placing the burden on the city staff to discover facts and state the precise grounds upon which a license denial may be based, and (2) foreclosing the City Council at its evidentiary hearing on review of a license denial from considering all relevant evidence—including any evidence neither discovered nor relied on by the city staff—bearing on whether it should order issuance of the license or uphold the denial.

■ However, the trial court determined that Commerce City ordinance section 9–456(d)(1) contains broad terms that allow the City Council to consider all evidence "which is relevant to the denial of the license application." Moreover, section 9–456(d)(2) affir-

matively provides, "If the City Council determines that the applicant is ineligible for a license pursuant to the criteria of this section, the City Council shall issue an order denying the application within ten (10) days after the hearing is concluded based upon findings of fact."

Enclave West contends that the following language in section 9–456(d) limits the City Council's review of the license denial to those reasons set forth by the city staff. It argues that the City Council lacks discretion to hear evidence and consider any other grounds for denying the license. This provision states that:

In the event that the City Manager or his designee denies a license application, *the City Manager or his designee shall make findings of fact stating the reason for the denial and a copy of such a decision shall be sent by certified mail to, or be served upon, the applicant at the address shown in the application within ten (10) days after the denial. An applicant shall have the right to a hearing before the City Council, provided that written request for such hearing is made to the City Council within ten (10) days of the date of service of the denial of the license by the City Manager or his designee.*

(Emphasis added).

However, when we construe the Commerce City ordinances as a whole, we find that while the City Council must consider the city staff's reason for denying the license, it may also hear other evidence regarding compliance with the zoning and use requirements applicable to the license being sought. If the City Council determines that the city staff has erred in its reasons for denial and that the application was incomplete when submitted, it may consider any relevant evidence bearing on whether the license should issue.

The City Council is entitled to deference in its construction of the ordinances it enacted. In its decision, it conceded that the city's staff should have taken notice of the existence of the occupied single-family residence and cited this basis in its denial letter. The City Council also conceded that the city's staff should have returned the application to Enclave West for being incomplete because it did not include the required zoning and use information. At the same time, the City Council took the logical position that the city staff's omission should not nullify the plain language of its ordinance prohibiting sexually-oriented businesses within one thousand feet of an occupied single-family residence and that Enclave West had submitted an incomplete application that omitted the relevant zoning and use information.

Enclave West did not take its opportunity to introduce evidence of the zoning and use status of its premises in relation to the occupied single-family residence either at the City Council's first hearing or, when the City Council continued the proceedings for two weeks to allow the parties to introduce additional evidence at a second hearing. Because Enclave West was appealing the denial of its license application, it certainly could have offered such evidence at either hearing.

Enclave West's argument that the City Council is restricted to the ground relied on by the city's staff in denying the license is not supported by the ordinances read as a whole and leads to an absurd conclusion—that the City Council must order issuance of a license for a sexually-oriented business that does not qualify for it under the ordinances. We avoid absurd results when construing a statute. *State v. Nieto,* 993 P.2d 493, 501 (Colo.2000). We conclude that the City Council did not act arbitrarily and capriciously in refusing to order issuance of the license.

### III.

Accordingly, we reverse the judgment of the court of appeals and remand this case to it for consideration of the remaining issues in the appeal.