Mark D. SMITH, Petitioner–Appellant,

v.

**COLORADO MOTOR VEHICLE DEALER BOARD, Respondent–Appellee.**

No. 08CA0051.

Colorado Court of Appeals, Div. V.

Nov. 26, 2008.

Rehearing Denied Jan. 8, 2009.

Mark D. Smith, Pro Se.

John W. Suthers, Attorney General, Robert C. Huss, Assistant Attorney General, Denver, Colorado, for Respondent–Appellee.

Opinion by Judge VOGT.

Mark D. Smith appeals the order of the Colorado Motor Vehicle Dealer Board denying his application for a motor vehicle salesperson license. We affirm.

## I. Background

Smith applied for a motor vehicle salesperson license. He disclosed on his application that he had twice been convicted of felony theft during the preceding ten years.

The Board initially denied his application based on section 12–6–118(7)(a)(I), C.R.S. 2008 (requiring denial of license application if applicant has been convicted of certain felonies during previous ten years), and section 12–6–118(6)(b), C.R.S.2008 (permitting denial of license if unfitness is shown by applicant's criminal record).

Smith requested a hearing. He did not deny his felony theft convictions, but he argued, as relevant here, that the Board could not rely on section 12–6–118(7)(a)(I) because the mandatory disqualification set forth in that section conflicted with section 24–5–101, C.R.S.2008, which provides that a criminal conviction "shall not, in and of itself," prevent a person from applying for and receiving a business or professional license. § 24–5–101(1)(a), C.R.S.2008. The hearing officer found no irreconcilable conflict between the statutes and, in an initial decision and a second decision issued in response to Smith's written exception, recommended that the Board deny Smith's license application until ten years had elapsed since his last felony conviction. The Board adopted the hearing officer's recommendation.

## II. Analysis

Smith again argues on appeal that section 24–5–101 conflicts with—and, as the "later adopted statute," controls over—section 12–6–118(7)(a)(I), and that the Board therefore erred in denying his license application based on section 12–6–118(7)(a)(I). We disagree.

## A. Principles of Statutory Construction

We review questions of statutory construction de novo. *Colorado Department of Revenue v. Hibbs,* 122 P.3d 999, 1002 (Colo.2005). While statutory construction is ultimately a judicial responsibility, we may afford deference to an agency's construction of statutory provisions that govern its actions, as long as such construction is within the agency's statutory authority and does not contravene constitutional requirements. *City of Commerce City v. Enclave West, Inc.,* 185 P.3d 174, 178 (Colo.2008); *Hibbs,* 122 P.3d at 1002.

In reviewing an agency's construction of a statute, we rely on basic rules of statutory construction. *Enclave West,* 185 P.3d at 178. Thus, we endeavor to determine and give effect to the intent of the General Assembly and, in doing so, we look primarily to the plain language of the statute. We must adopt a construction that will serve the legislative purposes underlying the enactment, *see In re 2000–2001 District Grand Jury,* 97 P.3d 921, 924 (Colo.2004); *Gumina v. City of Sterling,* 119 P.3d 527, 530 (Colo. App.2004), and must avoid an interpretation that leads to an absurd result. *State v. Nieto,* 993 P.2d 493, 501 (Colo.2000).

In situations where one statute is alleged to conflict with another, the General Assembly has directed us to apply special rules of construction, including the following:

> If a general provision conflicts with a special or local provision, it shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.

§ 2–4–205, C.R.S. 2008.

In *Martin v. People,* 27 P.3d 846, 852 (Colo.2001), the supreme court observed that section 2–4–205 is "consistent with common law principles of statutory construction." It continued:

The reasoning behind this principle of statutory construction is a simple matter of logic. A general provision, by definition, covers a larger area of the law. A specific provision, on the other hand, acts as an exception to that general provision, carving out a special niche from the general rules to accommodate a specific circumstance.... Thus, to hold that a specific provision prevails over a general one still allows for both provisions to exist.... If general provisions prevailed over specific ones, then specific provisions would cease to function entirely.

*Id.; see also People v. Mojica–Simental,* 73 P.3d 15, 17–18 (Colo.2003) (noting principle that more specific provision is favored over general provision when there is a conflict, but finding that two statutes at issue in case before it, while relating to same general subject matter, did not conflict).

### B. The Statutes at Issue Here

Section 12–6–118 (7)(a)(I), on which the Board relied in denying Smith's application, states:

Any license issued or for which an application has been made pursuant to this part 1 shall be revoked or denied if the licensee or applicant has been convicted of or pleaded no contest to any of the following offenses in this state or any other jurisdiction during the previous ten years:

(I) A felony in violation of article 3, 4, or 5 of title 18, C.R.S., or any similar crime under federal law or the law of any other state.

Section 12–6–118(7)(a)(I) is a part of the article governing licensure of motor vehicle dealers. The General Assembly has stated that the purpose of these licensure statutes is to protect consumers:

The general assembly hereby declares that ...

(c) The licensing and supervision of motor vehicle dealers by the motor vehicle dealer board are necessary for the protection of consumers and therefore the sale of motor vehicles by unlicensed dealers or salespersons, or by licensed dealers or salespersons who have demonstrated unfitness, should be prevented.

§ 12–6–101(1)(c), C.R.S.2008.

Section 24–5–101, the statute cited by Smith as allegedly conflicting with section 12–6–118(7)(a)(I), states, as relevant here:

Except as otherwise provided in paragraph (b) of this subsection (1), the fact that a person has been convicted of a felony or other offense involving moral turpitude shall not, in and of itself, prevent the person from applying for and obtaining public employment or from applying for and receiving a license, certification, permit, or registration required by the laws of this state to follow any business, occupation, or profession.

§ 24–5–101(1)(a). Section 24–5–101(1)(b), C.R.S.2008, lists specific situations—not including the licensing of motor vehicle salespersons—to which the subsection set forth above does not apply.

Section 24–5–101, in its original form, was part of the "Ex–Offenders' Rights Act." *See* ch. 151, sec. 1, § 39–25–101, 1973 Colo. Sess. Laws 513; *Ficarra v. Department of Regulatory Agencies,* 849 P.2d 6, 8 (Colo.1993). This statute applies generally to state and local licensing agencies, *see R & F Enterprises, Inc. v. Board of County Commissioners,* 199 Colo. 137, 140, 606 P.2d 64, 66 (1980), and, according to the supreme court, "is an expression by the general assembly of a public concern that persons who have been convicted of felonies or crimes of moral turpitude should not be deprived of the right to gainful employment solely due to their past activities." *Beathune v. Colorado Dealer Licensing Board,* 198 Colo. 483, 485, 601 P.2d 1386, 1387 (1979).

### C. Application

■ Smith argues that sections 24–5–101 and 12–6–118(7)(a)(I) are in "irreconcilable" conflict; that, because section 24–5–101 has been amended more recently than section 12–6–118(7)(a)(I), it should be considered the "later" statute and therefore deemed to prevail under the rule set forth in section 2–4–205; and that, if section 24–5–101 is the applicable statute, the Board was not entitled to deny his license application based on his felony convictions. The Board rejected that argument, as do we.

Both statutes address the same general subject—namely, the effect of criminal convictions on licensing applications. However, section 12–6–118(7)(a)(I) applies specifically to a limited category of license applicants—those seeking motor vehicle dealer or salesperson licenses—whereas section 24–5–101 applies generally to the broader category of persons applying for public employment or for any business or professional license.

Section 12–6–118(7)(a)(I) identifies certain specified felonies that will require deferral of a motor vehicle salesperson license until the end of a ten-year rehabilitation period. This provision is consistent with the General Assembly's recognition of the need to protect consumers purchasing motor vehicles, and it is not inconsistent with the section 24–5–101 mandate that a criminal conviction "shall not, in and of itself" prevent a person from obtaining a business license. Because section 12–6–118(7)(a)(I) is limited to specific felony convictions, and because such convictions may serve as a basis for delaying but not permanently denying a motor vehicle salesperson license, the section does not simply make a criminal conviction, without more, the basis for denying a license. Moreover, contrary to Smith's argument, the fact that section 12–6–118(7)(a)(I) does not expressly cross-reference section 24–5–101, as do some other licensing statutes, does not require a conclusion that it conflicts with section 24–5–101.

Construing the statutes in this fashion permits them to coexist, which section 2–4–205 and the case law direct us to attempt to do, and it avoids effectively rendering section 12–6–118(7)(a)(I) a nullity, which we may not do. *See Martin*, 27 P.3d at 852 (construing specific to prevail over general provision allows both to exist; conversely, if general provision were construed to prevail over specific, then specific would cease to function entirely); *Nieto*, 993 P.2d at 501 (courts presume General Assembly intended statutes to be effective and intended a just and reasonable result; therefore, courts must seek to avoid interpretation that leads to absurd result).

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

In sum, we conclude that there is no irreconcilable conflict between section 12–6–118(7)(a)(I) and section 24–5–101, and that the Board could therefore properly rely on the former statute in determining that Smith's license application had to be denied because of his felony theft convictions. In light of this conclusion, we need not address Smith's arguments regarding his right to a hearing on the other, discretionary statutory basis for denial cited by the Board.

### III. Attorney Fees

We conclude that Smith's appeal is not frivolous and therefore deny the Board's request for an award of attorney fees on appeal. *See Wood Bros. Homes, Inc. v. Howard,* 862 P.2d 925, 934–35 (Colo.1993).

The order is affirmed.

Judge GABRIEL and JUDGE STERNBERG* concur.