The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Marie Antoinette LOVATO, Defendant–Appellant.

No. 04CA1177.

Colorado Court of Appeals, Div. VI.

Aug. 9, 2007.

John W. Suthers, Attorney General, John J. Fuerst, III, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge RUSSEL.

Defendant, Marie Antoinette Lovato, appeals the judgment of conviction for robbery of an at-risk adult, aggravated robbery, and negligent bodily injury to an at-risk adult. We affirm in part, vacate in part, and remand for correction of the mittimus.

## I. Background

Lovato was convicted of robbing an elderly woman in a parking lot in Lakewood. Evidence indicated that Lovato leaned out of an SUV and pulled a purse away from the woman, causing the woman to fall and sustain injuries. A bystander observed that one of Lovato's accomplices had a gun.

After taking the purse, Lovato and her accomplices drove to Denver, where they entered a shoe store and robbed the clerk. During the robbery, one of Lovato's accomplices shot the clerk.

While fleeing from the shoe store, Lovato and her accomplices became stuck in traffic. Lovato left the SUV and ran to a gas station, where she was apprehended by police.

## II. Negligent Bodily Injury to an at-risk Adult

Lovato raises several challenges to her conviction for negligent bodily injury to an at-risk adult. We consider and reject her arguments as follows.

## A. Penalty Enhancement

Relying on *People v. McKinney*, 99 P.3d 1038 (Colo.2004), Lovato argues that we must vacate her conviction because the relevant statute, § 18–6.5–103(2), C.R.S.2006, creates a sentence enhancer and not a substantive offense. We reject this argument.

In *McKinney*, the supreme court ruled that theft from an at-risk adult was merely an enhanced form of general theft and was not a separate offense. This conclusion was based on the fact that the governing statute— § 18–6.5–103(5), C.R.S.2006—did not set forth elements of an offense but instead referred to the general theft statute, § 18–4–401(1), C.R.S.2006. *See People v. McKinney, supra*, 99 P.3d at 1043.

Here, unlike in *McKinney*, the governing statute does not merely incorporate the elements of another offense. Instead, it combines several elements to create a separate substantive offense:

> Any person whose conduct amounts to criminal negligence, as defined in section 18–1–501(3), commits:
>
> (a) A class 4 felony if such negligence results in the death of an at-risk adult or an at-risk juvenile;
>
> (b) A class 5 felony if such negligence results in serious bodily injury to an at-risk adult or an at-risk juvenile; and
>
> (c) A class 6 felony if such negligence results in bodily injury to an at-risk adult or an at-risk juvenile.

Section 18–6.5–103(2).

Although Lovato argues that § 18–6.5–103(2) is a sentence enhancer, she does not explain what substantive offense the statute would enhance. And we discern no clear answer. We recognize that § 18–6.5–103(2)(a) could act as an enhancer for the general offense of negligent homicide under § 18–3–105, C.R.S.2006. But we can find no general offense that would serve as a logical platform for enhancement under § 18–6.5–103(2)(b) or (c). These subsections would enhance the crime of negligent third degree assault only if bodily injury were caused by means of a deadly weapon. *See* § 18–3–204,

C.R.S.2006. And if construed as enhancers, these subsections would *reduce* punishments for other offenses when committed against at-risk adults or juveniles. *See* § 18–6–401(7)(a), C.R.S.2006 (child abuse); § 18–9–115(1)(d)(II), C.R.S.2006 (endangering public transportation).

We therefore conclude that § 18–6.5–103(2) creates a separate substantive offense.

### B. Vagueness

■ Lovato argues that her conviction must be vacated because the governing statute is unconstitutionally vague. We disagree.

As previously noted, § 18–6.5–103(2)(c) requires proof of conduct and criminal negligence. These elements are defined as follows:

- " 'Conduct' means an act or omission and its accompanying state of mind or, where relevant, a series of acts or omissions." Section 18–1–501(2), C.R.S.2006.

"A person acts with criminal negligence when, through a gross deviation from the standard of care that a reasonable person would exercise, he fails to perceive a substantial and unjustifiable risk that a result will occur or that a circumstance exists." Section 18–1–501(3), C.R.S.2006.

Thus, § 18–6.5–103(2)(c) prohibits *any* criminally negligent act or omission that results in bodily injury to an at-risk adult or at-risk juvenile. Although broad, this proscription is not so vague that persons "of common intelligence must necessarily guess at its meaning." *See Connally v. Gen. Constr. Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926). Lovato has failed to demonstrate that the statute (1) infringes on First Amendment interests, (2) is "impermissibly vague in all of its applications," or (3) is impermissibly vague as applied to her. *See People v. Baer,* 973 P.2d 1225, 1233 (Colo. 1999) (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 495, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982)).

### C. Elemental Instruction

■ Lovato argues that her conviction must be reversed because the trial court gave an improper jury instruction. We disagree.

In defining the offense of negligent bodily injury to an at-risk adult, the trial court deviated from § 18–6.5–103(2)(c). Instead of allowing the jury to convict Lovato for *any* negligent act or omission that caused the victim's injuries, the court restricted the range of conduct that the jury could consider:

> The elements of the crime of criminal negligent bodily injury to an at-risk adult are:
> 1. That the defendant,
> 2. in the State of Colorado, at or about the date and place charged,
> 3. did unlawfully and with criminal negligence,
> 4. *act in a manner likely to be injurious to the physical welfare of an at-risk adult,*
> 5. resulting in bodily injury to [the victim].

(Emphasis added.)

Although the instruction deviated from the statute, any error only inured to Lovato's benefit. *See People v. Swanson,* 638 P.2d 45, 50 (Colo.1981) (instruction benefited defendant by imposing a more demanding standard of culpability than the statutory standard and was, therefore, harmless error).

### D. Unanimity Instruction

■ Lovato contends that her conviction must be reversed because the trial court denied her request for a special unanimity instruction. We find no error.

■ When evidence of many acts is presented, any one of which could constitute the offense charged, and there is a reasonable likelihood that jurors may disagree on the act that the defendant committed, the trial court must (1) require the prosecution to elect the transaction on which it relies for conviction, or (2) instruct the jurors that, to convict the defendant, they must unanimously agree that the defendant either committed the same act

or committed all the acts included within the period charged. *People v. Rivera*, 56 P.3d 1155, 1159–60 (Colo.App.2002). If it is unlikely that the jurors will disagree about the act that the defendant committed, no election or special instruction is required. *See People v. Salyer*, 80 P.3d 831, 840 (Colo.App.2003).

Here, the prosecution presented evidence of only one act that could have caused bodily injury to the victim—namely, that Lovato grabbed the victim's purse, causing her to fall. Under the circumstances, no election or unanimity instruction was required.

### III. Robbery of an at-risk Adult

■ Lovato contends that her conviction for robbery of an at-risk adult must be vacated because it merges with her conviction for aggravated robbery under § 18–4–302(1)(c), C.R.S.2006. The People concede the point, and we agree.

■ A defendant may not be convicted of more than one offense if "[o]ne offense is included in the other." Section 18–1–408(1)(a), C.R.S.2006; *People v. Leske*, 957 P.2d 1030, 1035 (Colo.1998). Whether one offense is included in another is determined by applying the strict elements test set out in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Under that test, if proof of the facts establishing the statutory elements of the greater offense necessarily establishes all the elements of the lesser offense, the lesser offense is included. *People v. Leske, supra*, 957 P.2d at 1036.

■ For purposes of double jeopardy analysis, a penalty enhancer is not a substantive element of the charged offense. A statutory provision is a penalty enhancer if its proof, while raising the felony level of the offense, is not required to secure a conviction. *People v. Leske, supra*, 957 P.2d at 1039.

Robbery of an at-risk adult is defined as follows:

> Any person who commits robbery, as such crime is described in section 18–4–301(1), and the victim is an at-risk adult or an at-risk juvenile, commits a class 3 felony. If the offender is convicted of robbery of an at-risk adult or an at-risk

juvenile, the court shall sentence the defendant to the department of corrections for at least the presumptive sentence under section 18–1.3–401(1).

Section 18–6.5–103(4), C.R.S.2006.

Informed by the observations set forth in *People v. McKinney, supra*, we conclude that robbery of an at-risk adult is an enhanced form of robbery and not a separate offense. Thus, based on the principles set forth in *People v. Leske, supra*, we compare the elements of robbery, as defined in § 18–4–301(1), and aggravated robbery, as defined in § 18–4–302(1)(c), and conclude that robbery of an at-risk adult is a lesser included offense of aggravated robbery. *See People v. Borghesi*, 66 P.3d 93, 97 (Colo.2003) (robbery is a lesser included offense of aggravated robbery). Our conclusion is not undermined by the views expressed in *People v. Blankenship*, 30 P.3d 698, 709 (Colo.App.2000) (requiring concurrent sentences for aggravated robbery and robbery of an at-risk adult).

Accordingly, we vacate Lovato's conviction for robbery of an at-risk adult.

### IV. Inconsistent Verdicts

■ Lovato argues that her convictions for aggravated robbery and criminally negligent bodily injury to an at-risk adult are legally and logically inconsistent. We disagree.

As pertinent here, Lovato's conviction for aggravated robbery could have been premised on findings that (1) she knowingly took a thing of value from the victim, (2) while her accomplice was armed with a deadly weapon, and (3) while her accomplice intended to put any person, such as the bystander, in reasonable fear of death or bodily injury. *See* § 18–4–302(1)(c). Such findings are wholly consistent with the conclusion that Lovato negligently injured the elderly victim in violation of § 18–6.5–103(2)(c).

### V. Remaining Contentions

We consider and reject Lovato's remaining contentions as follows:

1. The trial court did not abuse its discretion by admitting evidence of the shoe store robbery as res gestae. The inci-

dent was part of a single episode that began in Lakewood and ended in Denver. It was logically relevant to prove Lovato's identity as a perpetrator of the Lakewood robbery and was not so inflammatory as to require exclusion under CRE 403. Because no limiting instruction was required, any limiting instruction only inured to Lovato's benefit. *See People v. Quintana,* 882 P.2d 1366, 1373–75 (Colo.1994).

2. The record supports the trial court's findings regarding the reliability of identification evidence that was based on a showup. *See People v. Weller,* 679 P.2d 1077, 1083 (Colo.1984); *People v. Young,* 923 P.2d 145, 151 (Colo. App.1995).

3. The trial court did not abuse its discretion in denying Lovato's motions for mistrial. The events of which Lovato complains were not so prejudicial as to require a mistrial. *See People v. Abbott,* 690 P.2d 1263, 1269 (Colo.1984); *People v. James,* 117 P.3d 91, 95 (Colo. App.2004).

The judgment is vacated as to the conviction for robbery of an at-risk adult, and the case is remanded for correction of the mittimus as to that conviction. The judgment is affirmed in all other respects

WEBB and LOEB, JJ., concur.