2014 COA 152

**COLORADO MOTOR VEHICLE DEALER BOARD, Plaintiff–Appellee,**

v.

**Jeffrey FREEMAN, Defendant–Appellant.**

**Court of Appeals No. 13CA1547**

Colorado Court of Appeals,

Div. III.

Announced November 6, 2014

John W. Suthers, Attorney General, Y.E. Scott, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Jeffrey Freeman, Pro Se

Opinion by JUDGE HAWTHORNE

¶ 1 Respondent, Jeffrey Freeman, appeals the final order of petitioner, Colorado Motor Vehicle Dealer Board (the Board), denying his application for a motor vehicle salesperson's license. We vacate and remand with directions.

### I. Facts and Procedural History

¶ 2 In February 2007, Freeman was convicted of third degree assault of an at-risk adult, a class 6 felony, under ch. 200, sec. 4, § 18–3–204, 2004 Colo. Sess. Laws 635, and

ch. 240, sec. 14, § 186.5–103(3), 1995 Colo. Sess. Laws 1254.[1]

¶ 3 Five years later, Freeman applied for a motor vehicle salesperson's license. His application was denied on five separate grounds by the Auto Industry Division of the Board (Division). As pertinent here, the Division found that Freeman's conviction for third degree assault of an at-risk adult constituted a mandatory disqualifying offense under section 12–6–118(7)(a)(I), C.R.S.2014. That statute provides, among other things, that a license shall be denied if an applicant has been convicted of a felony in violation of article 3, title 18 during the previous ten years.

¶ 4 Freeman appealed the Division's decision to the Board and requested a hearing. Following a hearing, the hearing officer issued an initial decision for the Board upholding the Division's denial of the salesperson's license solely on the basis that Freeman's conviction was a mandatory disqualifying offense under section 12–6–118(7)(a)(I). The hearing officer determined that the substantive offense for which Freeman was convicted was section 18–3–204(3), not section 18–6.5–103(3)(c), and that, as a felony, it was a mandatory disqualifying offense under section 12–6–118(7)(a)(I).

¶ 5 Freeman sought review of the Board's initial decision. He argued that assault in the third degree of an at-risk adult was not a mandatory disqualifying offense under section 12–6–118(7)(a)(I) because it was not a felony conviction under article 3, title 18.

¶ 6 The Board issued a final order accepting the initial decision in its entirety.

### II. Discussion

¶ 7 Freeman contends that the Board erred in upholding the initial decision denying his license application. He argues that his conviction is a felony conviction under section 18–6.5–103(3)(c), not section 18–3–204(1)(a), which specifies that a conviction for assault in the third degree is a class 1 misdemeanor. *See* § 18–3–204(3). Thus, he as-

1. For ease of reference we refer to these statutes as sections 18–3204 and 18–6.5–103 throughout the opinion.

serts that his conviction may not be used as a mandatory disqualifying offense under section 12–6–118(7)(a)(I). We agree.

## A. Standard of Review

¶ 8 Section 24–4–106(7), C.R.S.2014, sets forth the applicable standards under which we review the Board's decision. *See Colo. State Bd. of Pharmacy v. Priem,* 2012 COA 5, ¶ 15, 272 P.3d 1136. It allows us to set aside a decision if it is arbitrary or capricious, violative of constitutional or statutory rights, or not in accordance with the law. *See Zamarripa v. Q & T Food Stores, Inc.,* 929 P.2d 1332, 1342–43 (Colo.1997); *Priem,* ¶ 15.

¶ 9 The interpretation of a statute is a question of law that we review de novo. *Smith v. Colo. Motor Vehicle Dealer Bd.,* 200 P.3d 1115, 1116 (Colo.App.2008). Our goal is to ascertain the General Assembly's intent, and, in doing so, we look primarily at the statute's plain language. *Priem,* ¶ 17; *Smith,* 200 P.3d at 1116.

## B. Analysis

¶ 10 Section 12–6–118(7)(a) provides:

Any license issued or for which an application has been made pursuant to this part 1 shall be revoked or denied if the licensee or applicant has been convicted of or pleaded no contest to any of the following offenses in this state or any other jurisdiction during the previous ten years:

(I) A felony in violation of article 3, 4, or 5 of title 18, C.R.S., or any similar crime under federal law or the law of any other state.

¶ 11 Section 18–3–204(1)(a) defines what conduct constitutes the crime of "assault in the third degree" and provides that it is a class 1 misdemeanor. See § 18–3–204(3). Section 18–6.5–103(3)(c) states that "[a]ny person who commits a crime of assault in the third degree, as such crime is described in section 18–3–204, and the victim is an at-risk adult or an at-risk juvenile commits a class 6 felony."

¶ 12 The hearing officer concluded that section 18–6.5–103(3)(c) does not create a separate offense, but is merely a sentence enhancement for the crime described in section 18–3–204 and, thus, the substantive offense for which Freeman was convicted was section 18–3–204(3), not section 18–6.5–103(3)(c). However, even if we agree with this analysis, we do not agree with the hearing officer's conclusion that Freeman's conviction constituted a felony under article 3, title 18, and was a mandatory disqualifying offense under section 12–6–118(7)(a)(I).

### 1. Sentence Enhancement versus Substantive Offense

¶ 13 In *People v. McKinney,* 99 P.3d 1038 (Colo.2004), the supreme court examined whether theft from an at-risk adult was a penalty-enhanced form of general theft or whether it was a separate offense. The court concluded that it was not a separate offense because the governing statute, section 18–6.5–103(5), did not set forth elements of an offense but instead referred back to the general theft statute by cross-referencing that statute. *Id.* at 1042–43.

¶ 14 Like the general theft statute discussed in *McKinney,* section 18–6.5–103(3) merely incorporates the elements of assault in the third degree by referring back to that statute. So, assault in the third degree of an at-risk adult is an enhanced form of assault in the third degree and does not constitute a separate offense. *See id.*

¶ 15 We conclude, however, that this analysis fails to answer whether Freeman's conviction is a felony in violation of article 3, title 18. We must consider the applicable statutory language in addressing this issue.

### 2. Statutory Provisions

¶ 16 Section 12–6–118(7)(a)(I) provides that any application for a license shall be denied if the applicant, during the previous ten years, was convicted of any of the following offenses: "*A felony in violation of article 3, 4, or 5 of title 18, C.R.S.,* or any similar crime under federal law or the law of any other state." (Emphasis added.) As noted, section 18–3–204(3) provides that the crime of "assault in the third degree" is a class 1 misdemeanor. *See* § 18–3–204(3).

¶ 17 Section 18–3–204 does not cross-reference section 18–6.5103(3)(c). In contrast, section 18–6.5–103(3)(c) cross-references section 18–3–204 in providing that the crime of assault in the third degree is a class 6 felony if the victim is an at-risk adult or an at-risk juvenile. So, section 18–3–204's plain language establishes that assault in the third degree is a class 1 misdemeanor, not a felony. On the other hand, it is noteworthy that other misdemeanors are, under certain circumstances, enhanced to felonies by specific statutory language in articles 3, 4, and 5, title 18. *See, e.g.,* § 18–3–206(1), C.R.S.2014 (menacing is a class 3 misdemeanor, but is a class 5 felony if committed (a) by use of a deadly weapon or (b) the person representing that he or she is armed with a deadly weapon); § 18–3–303(2), C.R.S.2014 (false imprisonment is a class 2 misdemeanor, but is a class 5 felony if (a) the person uses force or threat to confine or detain the victim and (b) the person confines or detains the victim for twelve hours or longer); § 18–4–408, C.R.S.2014 (theft of a trade secret is a class 1 misdemeanor, but it is a class 5 felony if it is a second or subsequent offense committed within five years after the date of a prior conviction); § 18–4–503, C.R.S.2014 (second degree criminal trespass is a class 3 misdemeanor, but it is a class 4 felony if the person trespasses on premises classified as agricultural land with the intent to commit a felony thereon); § 18–5–205, C.R.S.2014 (fraud by check is a class 3 misdemeanor if the check was for a sum of fifty dollars or more but less than three hundred dollars, but is a class 6 felony if the check was for a sum of two thousand dollars or more); § 18–5–211, C.R.S.2014 (insurance fraud is a class 1 misdemeanor if it is committed in violation of paragraph (a) of subsection (1) of this section, but it is a class 5 felony if committed in violation of paragraphs (b) to (e) of subsection (1) of this section).

¶ 18 Also, articles 3, 4, and 5 of title 18 set forth various offenses that are classified as felonies. *See, e.g.,* § 18–3–102, C.R.S.2014 (first degree murder is a class 1 felony); § 18–3–104, C.R.S.2014 (manslaughter is a class 4 felony); § 18–4–202, C.R.S.2014 (first degree burglary is a class 3 felony); § 18–4–301, C.R.S.2014 (robbery is a class 4 felony);

§ 18–5–102, C.R.S.2014 (forgery is a class 5 felony); § 18–5–109, C.R.S.2014 (criminal possession of forgery devices is a class 6 felony).

¶ 19 So, in articles 3, 4, and 5 of title 18, C.R.S., there are numerous offenses that are specifically denominated as felonies, and others that are denominated as misdemeanors and enhanced to felonies. If the General Assembly had intended to include within section 12–6–118(7)(a)(I) misdemeanors that are enhanced to felonies by a statute that is not contained within articles 3, 4, or 5 of title 18, it could have done so. *See Klinger v. Adams Cnty. Sch. Dist. No. 50,* 130 P.3d 1027, 1031 (Colo.2006) ("Had the general assembly meant [the statute] to permit recovery for 'overhead,' it could have utilized that specific term.").

¶ 20 We also note that section 12–6–118(5)(j) provides that the application for a motor vehicle salesperson's license may be denied on the following grounds: "Having been convicted of or pled nolo contendere to *any felony,* or *any crime pursuant to article 3, 4, or 5 of title 18, C.R.S.,* or any like crime pursuant to federal law or the law of any other state." (Emphasis added.)

¶ 21 Unlike section 12–6–118(7)(a)(I), section 12–6–118(5)(j) applies to any felony and includes any crime under article 3, 4, or 5 of title 18. Clearly, it would encompass Freeman's conviction for assault in the third degree. If the General Assembly had intended for section 12–6–118(7)(a)(I) to be equally expansive, it could have included the same or similar language. *See Mason v. People,* 932 P.2d 1377, 1380 (Colo.1997).

¶ 22 Therefore, we conclude that the Board erred in determining that Freeman's conviction constituted a mandatory disqualifying offense under section 12–6–118(7)(a)(I). Nevertheless, we note that the Division also denied Freeman's application on four other grounds. Because those grounds were not considered by the Board, and they are not before us for review, we offer no opinion as to whether the Division properly denied Freeman's application for any of those reasons. Instead, we conclude that the Board

should be given an opportunity to consider those additional reasons.

## III. Conclusion

¶ 23 The Board's order is vacated, and the case is remanded to the Board with directions to address the additional grounds relied on by the Division in denying Freeman's application for an automobile salesperson's license.

JUDGE DAILEY concurs.

JUDGE DUNN dissents.

JUDGE DUNN dissenting.

¶ 24 The majority opinion is well-reasoned and articulate, and but for *People v. McKinney*, 99 P.3d 1038 (Colo.2004), I would join it. *McKinney*, however, concluded that theft from an at-risk adult is not a separate offense; rather, it is an enhanced form of general theft. *Id.* at 1043. This conclusion was based on the fact that the at-risk adult statute, section 18–6.5–103(5), C.R.S.2014, simply refers back to the general theft statute and includes no additional elements. *Id.* Applying the same logic, a division of this court concluded that robbery of an at-risk adult is an enhanced form of robbery, not an independent crime. *People v. Lovato*, 179 P.3d 208, 212 (Colo.App.2007).

¶ 25 Similarly, the at-risk adult statute does not create a separate substantive crime of third degree assault of an at-risk adult. Rather, it provides that a person who commits third degree assault "as such crime is described in section 18–3–204" commits a class 6 felony if the victim is an at-risk adult. § 18–6.5–103(3)(c). Thus, third degree assault of an at-risk adult is an enhanced form of third degree assault, not an independent crime. *Compare McKinney*, 99 P.3d at 1043, *with Lovato*, 179 P.3d at 208 (criminal negligence provision of at-risk adult statute was not just an enhancer where that provision did not refer to another statute but "combine[d] several elements to create a separate substantive offense").

¶ 26 Because Freeman assaulted an at-risk adult, he was convicted of enhanced third degree assault. § 18–3–204, C.R.S.2014; § 186.5–103(3)(c). That said, for purposes of determining whether Freeman's conviction mandatorily disqualified him from obtaining a motor vehicle salesperson's license, the question is whether his felony conviction was "in violation of article 3 . . . of title 18." § 12–6–118(7)(a)(I), C.R.S.2014 (applicant is mandatorily disqualified from obtaining a license if convicted of a "felony in violation of article 3, 4, or 5 of title 18" within the previous ten years).

¶ 27 Because subsection 103(3)(c) of the at-risk adult statute does not create an independent substantive offense, Freeman could not be convicted of a felony "in violation" of article 6.5 of title 18. *See McKinney*, 99 P.3d at 1043. Rather, he violated the general third degree assault statute set forth in article 3 of title 18. While section 18–6.5–103(3)(c) enhanced Freeman's offense to a felony, there still had to be an underlying crime that Freeman committed. The underlying crime here is contained in article 3 of title 18. That the source of the enhancement is outside of article 3 does not alter my opinion. In my view, a statutory enhancer has the same effect regardless of where it resides in the criminal code.

¶ 28 In sum, because Freeman could not be convicted of assault on an at-risk adult without being convicted of third degree assault, as set forth in article 3 of title 18, he was, in my view, convicted of a felony in violation of article 3 of title 18. Consequently, I would affirm the Board's final order denying Freeman's application for a motor vehicle salesperson's license.

¶ 29 Accordingly, I respectfully dissent.