Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE

**2016 CO 44**

**No. 14SC998, <u>Colorado Motor Vehicle Dealer Board v. Freeman</u>—Statutory
Interpretation—State Agencies—Motor Vehicles.**

The supreme court considers whether a person who commits third degree
assault on an at-risk adult under sections 18-3-204 and 18-6.5-103(3)(c), C.R.S. (2015), is
disqualified from obtaining a motor vehicle salesperson's license under section
12-6-118(7)(a)(I), C.R.S. (2015).  Reversing the court of appeals, the court holds that
because the felony enhancement provision does not create a separate offense, Freeman
was convicted of a "felony in violation of article 3 . . . of title 18," § 12-6-118(7)(a)(I), and
therefore the Colorado Motor Vehicle Dealer Board properly denied his application for
a motor vehicle salesperson's license.

**2016 CO 44**

**Supreme Court Case No. 14SC998**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 13CA1547

**Petitioner:**

Colorado Motor Vehicle Dealer Board,

v.

**Respondent:**

Jeffrey Freeman.

**Judgment Reversed**
*en banc*
June 20, 2016

**Attorneys for Petitioner:**
Cynthia H. Coffman, Attorney General
Charmaine C. Rose, Assistant Attorney General
Grant T. Sullivan, Assistant Solicitor General
  *Denver, Colorado*

No appearance by or on behalf of Jeffrey Freeman.

**CHIEF JUSTICE RICE** delivered the Opinion of the Court.

¶1     In this case we are asked to decide a straightforward question of statutory interpretation. Jeffery Freeman was convicted of third degree assault on an at-risk adult. §§ 18-3-204; 18-6.5-103(3)(c), C.R.S. (2015). Later, when he applied for a motor vehicle salesperson's license, the Colorado Motor Vehicle Dealer Board (the Board) denied his application pursuant to the mandatory disqualification statute, section 12-6-118(7)(a)(I), C.R.S. (2015). Under the mandatory disqualification statute, a person who has been convicted of a felony "in violation of article 3, 4 or 5 of title 18, C.R.S., or any similar crime" must have his or her application for a license to sell cars denied. Id.

¶2     The question is whether Freeman's conviction for the felony offense of third degree assault on an at-risk person was a "felony in violation of article 3" for the purpose of the mandatory disqualification statute, where the elements of the crime are located in section 18-3-204, but the felony enhancement provision resides at section 18-6.5-103(3)(c).[1] Because the felony enhancement for third degree assault does not constitute a separate offense under People v. McKinney, 99 P.3d 1038, 1043 (Colo. 2004), we conclude that Freeman was convicted of a felony "in violation of article 3 . . . of title 18," and therefore he was ineligible to receive a motor vehicle salesperson's license

_____

[1] Specifically, we granted certiorari to review the following issue:

> Whether the court of appeals erred in holding that a conviction under section 18-3-204, C.R.S. (2015), which is enhanced to a felony pursuant to section 18-6.5-103(3)(c), C.R.S. (2015), is not a felony conviction in violation of article 3 of title 18 and, therefore, is not a mandatory disqualifying offense for licensure under section 12-6-118(7)(a)(I), C.R.S. (2015).

under section 12-6-118(7)(a)(I). Accordingly, we reverse the court of appeals and remand for further proceedings consistent with this opinion.

## I. Facts and Procedural History

¶3 In 2012, Freeman applied to the Board for a motor vehicle salesperson's license. A division of the Board denied his application on five separate grounds, one of which was that Freeman's prior conviction for the crime of third degree assault on an at-risk adult was a mandatory disqualifying offense under section 12-6-118(7)(a)(I). See §§ 18-3-204, 18-6.5-103(3)(c). He appealed the division's decision and received a hearing from the Board. The hearing officer upheld the denial of his license for the sole reason that Freeman's criminal conviction disqualified him. Freeman sought further review and the Board affirmed, holding that Freeman's conviction was a disqualifying offense under section 12-6-118(7)(a)(I).

¶4 Freeman appealed to the court of appeals, and, in a split decision, the court of appeals reversed the Board, holding that Freeman was not convicted of "a felony in violation of article 3, title 18," and that therefore his conviction did not constitute a mandatory disqualifying offense under section 12-6-118(7)(a)(I). Colo. Motor Vehicle Dealer Bd. v. Freeman, 2014 COA 152, ¶¶ 15, 22, __ P.3d __. Judge Dunn dissented and argued that third degree assault on an at-risk adult is merely "an enhanced form of third degree assault, not an independent crime," and that therefore Freeman's crime was indeed a felony in violation of article 3, title 18. Id. at ¶¶ 25, 27 (Dunn, J., dissenting).

¶5     The Board filed a petition for certiorari, which we granted. Freeman, acting pro se, declined to file a brief, and the matter was submitted without oral argument.

## II. Standard of Review

¶6     An appellate court will set aside a decision of a state agency only if the decision is "arbitrary or capricious," violates or is based on an erroneous interpretation of the law, is "an abuse or clearly unwarranted exercise of discretion," or is based upon "clearly erroneous" findings of fact. § 24-4-106(7), C.R.S. (2015); Colo. Dep't of Human Servs. v. Maggard, 248 P.3d 708, 712 (Colo. 2011). We review questions of statutory construction de novo. Colo. Dep't of Revenue v. Hibbs, 122 P.3d 999, 1002 (Colo. 2005). While we "may defer to the agency's construction of a code, ordinance, or statutory provision[]," we are "not bound by the agency's construction because the court's review of the applicable law is de novo." Commerce City v. Enclave West, Inc., 185 P.3d 174, 178 (Colo. 2008).

## III. Analysis

¶7     The Board argues that the court of appeals should have affirmed the Board's denial of Freeman's application for a license to sell motor vehicles. It contends that the court of appeals' decision (1) conflicts with this court's holding in McKinney, 99 P.3d at 1038, 1041, and (2) runs contrary to the legislative intent behind the mandatory disqualification statute. We agree. Freeman committed assault in the third degree under section 18-3-204. Although the crime was enhanced to a felony under section 18-6.5-103(3)(c) because it was committed against an at-risk adult, it was nevertheless a

4

"felony in violation of article 3 . . . of title 18," § 12-6-118(7)(a)(I), and the Board properly denied Freeman's application for a motor vehicle salesperson's license.

¶8    When construing a statute, we attempt to ascertain and give effect to the intent of the General Assembly.  State v. Nieto, 993 P.2d 493, 500 (Colo. 2000).  To divine this intent, our first recourse is the plain language of the statute, and we refrain from rendering judgments that are inconsistent with the intent evidenced by such language. See id.  In short, when the statutory language is clear and unambiguous, we look no further and apply the words as written.  People v. Zapotocky, 869 P.2d 1234, 1238 (Colo. 1994).

¶9    The State of Colorado regulates the sale and distribution of motor vehicles.  In its legislative declaration, the General Assembly noted that "the trust and confidence of the purchaser in the retail dealer" is of utmost importance in a motor vehicle transaction. § 12-6-101(1)(a), C.R.S. (2015).  As a result, the General Assembly declared that the licensing and supervision of motor vehicle salespersons is "necessary for the protection of consumers" and the sale of motor vehicles by unlicensed or unfit salespersons "should be prevented."  § 12-6-101(1)(c).  Accordingly, the General Assembly created the Motor Vehicle Dealer Board and authorized it to administer, enforce, issue, and deny licenses to motor vehicle dealers and salespersons. § 12-6-104(3)(a), C.R.S. (2015).

¶10    Section 12-6-118 provides the grounds for the denial, suspension, or revocation of a motor vehicle salesperson's license.  Subsection (7)(a) specifies that an application for a license

shall be . . . denied if the . . . applicant has been convicted of or pleaded no contest to any of the following offenses in this state or any other jurisdiction during the previous ten years:

(I) A felony in violation of article 3, 4, or 5 of title 18, C.R.S., or any similar crime under federal law or the law of any other state.

§ 12-6-118(7)(a).

¶11 It is undisputed that at the time of his application for a motor vehicle salesperson's license, Freeman had been convicted within the previous ten years of felony assault on an at-risk adult. The question is whether Freeman's conviction was "[a] felony in violation of article 3, 4, or 5, of title 18." § 12-6-118(7)(a)(I). The answer is complicated by a peculiarity of the criminal code: The substantive offense of third degree assault is contained in article 3 of title 18—at section 18-3-204—but the felony enhancement for committing third degree assault on an at-risk adult is located in article 6.5 of title 18—at section 18-6.5-103(3)(c).

¶12 In <u>McKinney</u>, this court was confronted with a similar situation. There, we had to decide whether the statute of limitations for general theft applied when the defendant was convicted of general theft against an at-risk adult—a crime that, like the one here, was defined in one place in the code and "enhanced" in another. <u>McKinney</u>, 99 P.3d at 1041, 1043 (discussing section 18-6.5-103(5), which increases the penalty for general theft when the crime is committed against an at-risk adult). We held that it was "immaterial" that the discovery tolling provision did not expressly include thefts committed against at-risk adults, because the at-risk adult section, section 18-6.5-103(5),

6

merely "enhances the penalties" for general theft—it "does not create a separate offense." McKinney, 99 P.3d at 1043.

¶13 Likewise, the at-risk adult enhancement provision for third degree assault, section 18-6.5-103(3)(c), does not create a separate offense, but merely "function[s] as a penalty enhancer." Id. Section 18-6.5-103(3)(c) does not define the crime or list its elements—it simply references section 18-3-204 (assault in the third degree). See § 18-6.5-103(3)(c) ("Any person who commits a crime of assault in the third degree, as such crime is described in section 18-3-204, and the victim is an at-risk adult . . . commits a class 6 felony.").

¶14 Because section 18-6.5-103(3)(c) "does not create an independent substantive offense," we agree with Judge Dunn's dissent—Freeman could not have been convicted of a felony "in violation" of article 6.5 of title 18. Freeman, ¶ 27 (Dunn, J., dissenting). This is because the "underlying crime" was that of third degree assault, which is found in article 3 of title 18. Id.; see § 18-3-204.[2]

---

[2] The majority of the court of appeals acknowledged that under People v. McKinney, 99 P.3d 1038, 1042–43 (Colo. 2004), assault in the third degree on an at-risk adult is an "enhanced form of assault in the third degree and does not constitute a separate offense." Colo. Motor Vehicle Dealer Bd. v. Freeman, 2014 COA 152, ¶ 13, __ P.3d __. The court nevertheless concluded that that analysis "fails to answer whether Freeman's conviction is a felony in violation of article 3, title 18" for purposes of section 12-6-118(7)(a)(I), C.R.S. (2015). Id. at ¶ 15. It reached this conclusion by focusing on the fact that section 18-3-204, C.R.S. (2015), provides that the crime of assault in the third degree is a misdemeanor. Id. at ¶ 16. The court concluded that "[i]f the General Assembly had intended to include within section 12-6-118(7)(a)(I) misdemeanors that are enhanced to felonies by a statute that is not contained within articles 3, 4, or 5 of title 18, it could have done so." Id. at ¶ 19. But the fact that the General Assembly could have been clearer or more comprehensive does not change our analysis of the plain language—nor does this fact justify adopting an interpretation that leads to absurd

7

¶15    Moreover, when construing a statute we read and consider it as a whole and interpret it so as to give "consistent, harmonious, and sensible effect to all its parts." Nieto, 993 P.2d at 501.  We presume that the legislature intends a "just and reasonable result," § 2-4-201, C.R.S. (2015), and we seek to avoid absurd results, Nieto, 993 P.2d at 501.

¶16    Under the court of appeals' reasoning, any applicant who committed a crime that is penalty-enhanced pursuant to any provision of the at-risk adult statute—section 18-6.5-103—would benefit from a senseless loophole, simply because the enhancement itself is located outside of articles 3, 4, and 5 of title 18.  See § 12-6-118(7)(a)(I).  This would effectively reward applicants who commit what the General Assembly has indicated are more egregious criminal acts.  See McKinney, 99 P.3d at 1041 ("In the legislative declaration to Article 6.5, the General Assembly expressed its intent to impose more severe penalties for specified crimes when the victim is 'at-risk.'").  Moreover, this would defeat the General Assembly's declared purpose of preventing the sale of motor vehicles by "salespersons who have demonstrated unfitness." § 12-6-101(1)(c).  A person who commits third degree assault on at-risk adult is equally unfit, if not more so, than a person who commits garden variety third degree assault.  It would be absurd to suggest otherwise.

---

results.  See, e.g., State v. Nieto, 993 P.2d 493, 500–01 (Colo. 2000) ("If courts can give effect to the ordinary meaning of words used by the legislature, the statute should be construed as written, giving full effect to the words chosen, as it is presumed that the General Assembly meant what it clearly said.").

¶17 Accordingly, Freeman was convicted of a "felony in violation of article 3 . . . of title 18," § 12-6-118(7)(a)(I), and the Board properly denied his application for a motor vehicle salesperson's license.

## IV. Conclusion

¶18 Because Freeman was convicted of a felony in violation of article 3 of title 18, he was disqualified from obtaining a motor vehicle salesperson's license under section 12-6-118(7)(a)(I). We therefore reverse the court of appeals' decision and remand for further proceedings consistent with this opinion.